**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-6953

JERMAINE LAVONNE CHASE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CR-94-106)

Submitted: February 26, 1999

Decided: March 16, 1999

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jermaine Lavonne Chase, Appellant Pro Se. Ray B. Fitzgerald, Jr.,
OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jermaine Lavonne Chase appeals the district court's order denying his motion for return of seized property filed pursuant to Fed. R. Crim. P. 41(e) (1994). We affirm.

Chase's motion involves the forfeiture of D.J. equipment seized from the Sugar Hill Club and forfeited pursuant to a jury verdict. Chase contends that he was the actual owner of the equipment because he received the equipment in exchange for his services at the club as a disc jockey. He alleges that he did not receive personal notice of the forfeiture and requests the return of the property or just compensation.

Although Chase claimed ownership of the property and the Drug Enforcement Administration's (DEA) investigation report indicated that he asserted his ownership, Chase could not provide any documentation regarding his ownership interest in the property. A DEA agent informed Chase of the requirement that he establish ownership of the property, and Chase was aware of the property's seizure and subsequent forfeiture because he was a party to the criminal proceedings in which the property was ordered forfeited. All of these facts lead us to conclude that Chase had actual knowledge of the seizure and impending forfeiture.

To the extent that Chase failed to establish more than a third-party interest in the property, we find that the Government provided all the notice required under 21 U.S.C. § 853(n)(1). Further, we find that Chase's petition was untimely under § 853(n)(7).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2